Nick **EMMETT**, Plaintiff,

v.

**KENT SCHOOL DISTRICT NO. 415, Defendant.**

No. C00–0269C.

United States District Court, W.D. Washington at Seattle.

Feb. 23, 2000.

Aaron Caplan, American Civil Liberties Union of WA, Seattle, WA, for Nick Emmett, plaintiff.

Michael Brian Harrington, Kent School District Administration CTR, Kent, WA, for Kent School District No 415, defendant.

## TEMPORARY RESTRAINING ORDER

COUGHENOUR, Chief Judge.

### BACKGROUND

This matter comes before the court on Plaintiff's motion for a temporary restraining order. Plaintiff, Nick Emmett, is an eighteen-year-old senior at Kentlake High School. He has a grade point average of 3.95, is co-captain of the basketball team, and has no disciplinary history. On February 13, 2000, he posted a web page on the Internet that was created from his home without using school resources or time. The web page was entitled the "Unofficial Kentlake High Home Page," and included disclaimers warning a visitor that the site was not sponsored by the school, and for entertainment purposes only. It contained some commentary on the school administration and faculty. Two aspects of the site are at issue. The page posted mock "obituaries" of at least two of the Plaintiff's friends. The obituaries were written tongue-in-cheek, inspired, apparently, by a creative writing class last year in which students were assigned to write their own obituary. The mock obituaries became a topic of discussion at the high school among students, faculty, and administrators. In addition, the Plaintiff allowed visitors to the web site to vote on who would "die" next—that is, who would be the subject of the next mock obituary.

On Wednesday, February 16, an evening television news story characterized Plaintiff's web site as featuring a "hit list" of people to be killed, although the words "hit list" appear nowhere on the web site. That night, Plaintiff removed his site from the Internet. The next day, he was summoned to the school principal's office, and eventually told that he was placed on emergency expulsion for intimidation, harassment, disruption to the educational process, and violation of Kent School District copyright. The emergency expulsion was subsequently modified to a five-day short term suspension, beginning Friday, February 18. The defendant has not presented any evidence that any student actually felt threatened by the web site, although it stated at oral argument that it believes that some students did feel intimidated. The defendant has presented no evidence to suggest that the plaintiff intended to intimidate or threaten anyone. Kentlake High School is on vacation this week, so the remaining four days of suspension would run from February 28 through March 1, 2000. Plaintiff's suspension includes a prohibition on participation in school sports, including basketball practice on February 23 and his team's playoff game on February 24.

### STANDARD FOR PRELIMINARY RELIEF

▮ Preliminary relief may be granted if the moving party demonstrates a combination of likely success on the merits and irreparable harm. "To succeed, [plaintiff] must show likelihood of success on the merits and irreparable injury if denied the injunction or that he has raised serious questions and the balance of hardships tips sharply in his favor." Jacobsen v. United States Postal Service, 812 F.2d 1151, 1152 (9th Cir.1987).

## LIKELIHOOD OF SUCCESS ON THE MERITS

■ The First Amendment provides some, but not complete, protection for students in a school setting. The Supreme Court in *Tinker* stated that students do not abandon their right to expression at the schoolhouse gates, but that prohibition of expressive conduct is justifiable if the conduct "would materially and substantially interfere with the requirements of appropriate discipline in the operation of the school." *Tinker v. Des Moines*, 393 U.S. 503, 509, 89 S.Ct. 733, 21 L.Ed.2d 731 (1969) (invalidating the school's ban on wearing black armbands protesting the Vietnam War).

The Supreme Court defined the limits of *Tinker* in two cases in the 1980s. In *Fraser*, the Court held that a student's sexually suggestive speech at a school assembly was justifiable grounds for punishment. *Bethel v. Fraser*, 478 U.S. 675, 106 S.Ct. 3159, 92 L.Ed.2d 549 (1986). The Court based the *Fraser* decision on its prior findings that there is a government interest in protecting children from sexually explicit materials, and that obscene speech is entirely unprotected by the First Amendment. Concurring, Justice Brennan pointed out that *Fraser* does not suggest that the student's speech would be grounds for punishment if it was given outside the school setting. *Fraser*, 478 U.S. at 688, 106 S.Ct. 3159. And in *Kuhlmeier*, the Court found that school administrators could ban student writings from the school-sponsored newspaper because the paper was a nonpublic forum in which content restrictions are allowable. *Hazelwood v. Kuhlmeier*, 484 U.S. 260, 108 S.Ct. 562, 98 L.Ed.2d 592 (1988).

■ Applying those cases, the Ninth Circuit has held that student distribution of non-school-sponsored material cannot be prohibited "on the basis of undifferentiated fears of possible disturbances or embarrassment to school officials." *Burch v. Barker*, 861 F.2d 1149 (9th Cir.1988). In the present case, Plaintiff's speech was not at a school assembly, as in *Fraser*, and was not in a school-sponsored newspaper, as in *Kuhlmeier*. It was not produced in connection with any class or school project. Although the intended audience was undoubtedly connected to Kentlake High School, the speech was entirely outside of the school's supervision or control.

The defendant argues, persuasively, that school administrators are in an acutely difficult position after recent school shootings in Colorado, Oregon, and other places. Web sites can be an early indication of a student's violent inclinations, and can spread those beliefs quickly to like-minded or susceptible people. The defendant, however, has presented no evidence that the mock obituaries and voting on this web site were intended to threaten anyone, did actually threaten anyone, or manifested any violent tendencies whatsoever. This lack of evidence, combined with the above findings regarding the out-of-school nature of the speech, indicates that the plaintiff has a substantial likelihood of success on the merits of his claim.

## IRREPARABLE INJURY

■ If relief is not granted, the plaintiff will miss four additional days of school, and a basketball game. Defendant points out that the plaintiff will not suffer academically from the suspension (a requirement under Wash.Admin.Code § 180–40–235). The court finds that missing four additional days of school and sporting events is a sufficient showing of irreparable injury.

## CONCLUSION

Defendants are hereby ENJOINED from enforcing the short-term suspension imposed on Nick Emmett on February 18, 2000. Plaintiff shall post a temporary restraining order bond in the amount of $100. As required by Fed.R.Civ.P. 65(b), the parties are directed to appear at a

hearing on Thursday, March 2, at 9:30 A.M. on a preliminary injunction.